1   Erich P. Wise/State Bar No. 63219
    erichw@fdw-law.com
2   Melody C. Chang/State Bar No. 251572
    melodyc@fdw-law.com
3   FLYNN, DELICH & WISE LLP
    One World Trade Center, Suite 1800
4   Long Beach, CA 90831-1800
    Telephone:    (562) 435-2626
5   Facsimile:    (562) 437-7555
6
7   Attorneys for Plaintiff
    MITSUI O.S.K. LINES, LTD.
8
9                    IN THE UNITED STATES DISTRICT COURT
10                      NORTHERN DISTRICT OF CALIFORNIA
11
12  MITSUI O.S.K. LINES, LTD.            ) Case No.:
                                         )
13            Plaintiff,                 )
14      vs.                              ) **COMPLAINT FOR RECOVERY ON BOND**
                                         )
15  KESCO CONTAINER LINE, INC;           )
    WASHINGTON INTERNATIONAL             )
16  INSURANCE COMPANY; AMERICAN          )
    ALTERNATIVE INSURANCE                )
17  CORPORATION; ROANOKE INSURANCE       )
    GROUP, INC.; and DOES 1 through 20,  )
18                                       )
19            Defendants.                )
20
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

1    Plaintiff MITSUI O.S.K. LINES, LTD. ("MOL") alleges, on information and belief, as

2  follows:

### INTRODUCTION

1.    This is an action by Plaintiff MOL to enforce a judgment and recover a bond from a surety company.   On or about June 10, 2011, Plaintiff filed two lawsuits against multiple defendants, both arising out of an ongoing scheme to defraud MOL during the timeframe of 2000 to 2010.   On July 18, 2013, the Court entered Judgement in favor of Plaintiff against Kesco Container Line, Inc. ("Kesco") in the amount of $5,778,130.29; Kesco was also jointly and severally liable to Plaintiff for an additional $2,230,532.05.   At all relevant times, Kesco was a U.S. Federal Maritime Commission ("FMC") licensed Non Vessel Operating Common Carrier ("NVOCC") pursuant to 46 U.S.C. § 40901 and 46 C.F.R. § 515, and the Defendants' issued a surety bond to Kesco in the amount of $75,000.00, as required by 46 C.F.R. § 515.21.   Demand has been made on Defendants for $75,000.00, the entire amount of the bond, but Defendants have failed and refused and continue to fail and refuse to pay said sum.

### JURISDICTION

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1352 in that this is an action recover on a bond executed pursuant to 46 C.F.R. § 515.21 and is therefore an action that arises out of the laws of the United States.

### INTRADISTRICT ASSIGNMENT

3.    This action is properly assigned to the San Francisco Division of this Court, as this District includes the Port of Oakland where Plaintiff transports cargo by ocean vessel, and because some of the shipments at issue in the underlying case transited the Port of Oakland.   Moreover, the San Francisco Division of this Court entered the Judgment which Plaintiff seeks to enforce.

### THE PARTIES

4.    Plaintiff is now and at all times material herein was a corporation duly organized and existing under the laws of Japan.   Plaintiff at relevant times had and now has its principal place of business and headquarters in Tokyo.   Plaintiff was, and still is, an ocean, intermodal and common carrier of goods for hire between United States and foreign ports and points, and properly

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

1

Complaint for Recovery on Bond                                   Case No.

published tariffs and filed service contracts for the transportation of goods of the type and between the ports or areas as hereinafter alleged.

5.    Defendant Kesco is, on information and belief, a corporation organized under the laws of the state of New York, having an office and place of business at 154-09 146th Avenue, Jamaica, New York 11434, and at all relevant times was a U.S. Federal Maritime Commission ("FMC") licensed Non Vessel Operating Common Carrier ("NVOCC") pursuant to 46 U.S.C. §40901 and 46 C.F.R part 515.

6.    Defendant Washington International Insurance Company is, on information and belief, a corporation organized under the laws of the state of Arizona, having an office and place of business at 1200 Arlington Heights Road, Suite 400, Itasca, Illinois 60143.

7.    Defendant American Alternative Insurance Corporation is, on information and belief, a corporation organized under the laws of the state of Delaware, having an office and place of business at 555 College Road East, Princeton, New Jersey 08543.

8.    Defendant Roanoke Insurance Group, Inc. (then operating as Roanoke Trade Services, Inc.) is, on information and belief, a corporation organized under the laws of the state of Illinois, having an office and place of business at 1475 E. Woodfield Road, Suite 500, Schaumburg, Illinois 60173.

## FIRST CAUSE OF ACTION FOR RECOVERY ON BOND

### (As to all Defendants)

9.    Plaintiff repeats and realleges paragraphs 1 to 8, above, and incorporate them herein by reference.

10.   On or about June 10, 2011, Plaintiff filed two lawsuits against multiple defendants, both arising out of an ongoing scheme to defraud MOL during the timeframe of 2000 to 2010. The first lawsuit, Case No. C 10-05591 SC, alleged that the defendants obtained ocean and intermodal transportation of property under MOL bills of lading at less than the rates or charges established by MOL in its published tariff and in the Service Contracts on file with the FMC.  The second lawsuit, Case No. C 11-02861 SC, alleged that the defendants, to include Kesco, in connection with the same ocean and intermodal transportation, participated in a fraudulent trucking

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

Complaint for Recovery on Bond                                    Case No.

1    arrangement from 2000 to 2010, in which defendants caused to be issued invoices to MOL for

2    "door" or inland trucking moves that were never made, or for moves that were for shorter distances

3    than what was represented to and paid for by MOL, all under MOL intermodal bills of lading. The

4    cases were ordered related, and proceeded to trial on January 28, 2013 through February 19, 2013

5    before Hon. Samuel Conti.

6         11.    The Court issued its decision and judgment on March 21, 2013 finding the

7    defendants, including Kesco, committed fraudulent acts during the timeframe of 2000 to 2010. On

8    July 18, 2013, the Court entered Judgement in favor of Plaintiff against the defendants, to include

9    Kesco, on Plaintiff's claims for intentional misrepresentation, negligent representation and

10    conspiracy-intentional misrepresentation in connection with the aforesaid intermodal shipments.

11    The Judgment stated that Defendant Kesco shall be liable to Plaintiff for $5,778,130.29, and was

12    also jointly and severally liable to Plaintiff for an additional $2,230,532.05. The Judgment in favor

13    of Plaintiff against Kesco remained undisturbed by the Amended Judgment entered by this Court

14    on October 21, 2015. A true and correct copy of the Judgments are attached hereto, labeled as

15    Exhibit "A."

16         12.    In order to qualify for a license to do business in the United States as a NVOCC,

17    Kesco was required to post a bond or other evidence of financial responsibility with the FMC,

18    pursuant to 46 C.F.R. § 515.21.

19         13.    On or about October 1, 1997, Defendant Washington International Insurance

20    Company issued Bond No. 8941507 in the sum of $50,000.00. A true and correct copy of Bond

21    No. 8941507 is attached hereto, labeled as Exhibit "B."

22         14.    On or about April 16, 1999, Defendant Washington International Insurance

23    Company issued a Bond Rider which was attached to and formed part of Bond No. 8941507. The

24    Bond Rider increased the amount of the bond to $75,000.00. A true and correct copy of the Bond

25    Rider is attached hereto, labeled as Exhibit "C."

26    //

27    //

28    //

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

3

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

15.    Bond No. 8941507 and the Bond Rider state, in part:

>   …[T]his bond shall be available to pay any judgment or any settlement made pursuant to a claim under 46 C.F.R. § 515.23(b) for damages against the Principal [Kesco] arising from the Principal's transportation-related activities or order for reparations issued pursuant to section 11 of the 1984 Act, 46 U.S.C. app. 1710, or any penalty assessed against the Principal pursuant to section 13 of the 1984 Act, 46 U.S.C. app. 1712. This bond shall inure to the benefit of any and all persons who have obtained a judgment or settlement made pursuant to a claim under 46 § 515.23(b) for damages against the Principal arising from its transportation-related activities or orders of reparation issued pursuant to section 11 of the 1984 Act, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal pursuant to section 13 of the 1984 Act.

16.    On or about September 1, 2011, American Alternative Insurance Corporation endorsed an OTI Assumption Endorsement or Rider No. 894150700, which was attached to and formed part of Bond No. 8941507.  The OTI Assumption Endorsement or Rider indicated that American Alternative Insurance Corporation was now the surety on Bond No. 8941507 and assumed all obligations of Washington International Insurance Company regarding Bond No. 8941507, effective October 1, 2011. All other terms and conditions of the bond and any previously issued riders to the bond, including the bond amount, remained unchanged.  A true and correct copy of OTI Assumption Endorsement or Rider No. 894150700 is attached hereto, labeled as Exhibit "D."

17.    On November 8, 2017, Plaintiff, through counsel, notified American Alternative Insurance Corporation through their claims contact Roanoke Insurance Group, Inc. of the July 18, 2013 and October 21, 2015 Judgments, and requested payment of the $75,000.00 bond.  A true and correct copy of the request for payment of the bond is attached hereto, labeled as Exhibit "E."

18.    Each of the Defendants have failed to pay the $75,000.00 bond due to Plaintiff.

19.    Demand has been made on Defendants for $75,000.00, the entire amount of the bond, but Defendants have failed and refused and continue to fail and refuse to pay the bond, and the whole thereof is now due, owing and payable together with interest at the legal rate.

//

4

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff MOL prays for the following:

3    1.    That this Court order that Defendants pay Plaintiff $75,000.00, the full amount of

4    Bond Nos. 8941507 and 894150700 and interest thereon at the legal rate;

5    2.    That this Court grant Plaintiff all costs of suit, attorney fees and other expense

6    herein incurred; and

7    3.    For such and other relief as this Court may deem proper.

8

9    Dated: November 10, 2018                    FLYNN, DELICH & WISE LLP

10

11                                   By:    /s/ Melody C. Chang
                                            Erich P. Wise
12                                          Melody C. Chang
                                            Attorneys for Plaintiff
13                                          MITSUI O.S.K. LINES, LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

5

Complaint for Recovery on Bond                         Case No.

EXHIBIT A

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7               FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    MITSUI O.S.K. LINES, LTD.,          )  Case No. 11-cv-02861-SC
                                         )
10                Plaintiff,             )  AMENDED JUDGMENT
                                         )
11         v.                            )
                                         )
12   SEAMASTER LOGISTICS, INC., SUMMIT   )
13   LOGISTICS INTERNATIONAL, INC.,      )
     KESCO CONTRAINER LINE, INC.; KESCO  )
14   SHIPPING, INC., and DOES 1 through  )
     20,                                 )
15                                       )
                                         )
16                Defendants.            )
                                         )
17   _____)

18

19       On March 21, 2013, the Court issued its Findings of Fact and

20   Conclusions of Law in the above-captioned matters and entered

21   Judgment.  Case No. 10-cv-05591-SC ECF No. 194; Case No. 11-cv-

22   02861-SC ECF Nos. 261, 262 ("Judgment").  The Court subsequently

23   granted Defendant Summit Logistics International, Inc.'s motion to

24   alter or amend the judgment as to Case Number 11-cv-02861-SC.  In

25   accordance with that Order and the Court's Findings of Fact and

26   Conclusion of Law, the Court now enters an AMENDED JUDGMENT in Case

27   No. 11-cv-02861-SC as follows:

28       The Court enters JUDGMENT in favor of Plaintiff Mitsui O.S.K.

United States District Court
For the Northern District of California

A

1  Lines and against Defendants SeaMaster Logistics, Inc., Summit

2  Logistics International, Inc., and Kesco Container Lines, Inc. on

3  Plaintiff Mitsui O.S.K. Lines' claims for intentional

4  misrepresentation, negligent misrepresentation, and conspiracy –

5  intentional misrepresentation in the amount of $9,088,735.41.

6  Defendant SeaMaster Logistics, Inc. shall be liable to Plaintiff

7  Mitsui O.S.K. Lines for $1,080,073.07.  Further, Defendant Kesco

8  Container Line, Inc. shall be liable to Plaintiff Mitsui O.S.K.

9  Lines for $5,778,130.29, and Defendants Kesco Container Line, Inc.

10  and Summit Logistics International, Inc. shall be jointly and

11  severally liable to Plaintiff Mitsui O.S.K. Lines for an additional

12  $2,230,532.05.  The Court enters JUDGMENT in favor of SeaMaster

13  Logistics, Inc., Summit Logistics International, Inc., and Kesco

14  Container Lines, Inc., as to Plaintiff Mitsui O.S.K. Lines' claims

15  under the Racketeer Influenced and Corrupt Organizations Act.  The

16  Court enters JUDGMENT in favor of Defendant Kesco Shipping, Inc. as

17  to all claims asserted by Plaintiff Mitsui O.S.K. Lines.  Finally,

18  the Court enters JUDGMENT in favor of Plaintiff Mitsui O.S.K. Lines

19  as to all counterclaims asserted by Defendants.

20      The Court's judgment as to Case Number 10-cv-05591-SC remains

21  undisturbed.

22

23      IT IS SO ORDERED, ADJUDGED, AND DECREED.

24

25  Dated:  July 18, 2013

26                                    UNITED STATES DISTRICT JUDGE

27

28

*United States District Court*
*For the Northern District of California*

2

Case 3:11-cv-02861-SC   Document 335-1   Filed 10/22/15   Page 11 of 33

1  ERICH P. WISE/SBN 63219
   erichw@fdw-law.com
2  ALISA MANASANTIVONGS/SBN 260227
   alisam@fdw-law.com
3  FLYNN, DELICH & WISE LLP
   One World Trade Center, Suite 1800
4  Long Beach, CA 90831-1800
5  Telephone:   (562) 435-2626      Facsimile:   (562) 437-7555

6
7  JAMES B. NEBEL/SBN 69626
   jamesn@fdw-law.com
8  FLYNN, DELICH & WISE LLP
   505 Montgomery Street, 11th Floor
9  San Francisco, CA 94111
   Telephone:   (415) 693-5566      Facsimile:   (415) 693-0410
10
11 CONTE C. CICALA/SBN 173554
   Conte.Cicala@clydeco.us
12 CLYDE & CO. US LLP
   101 Second Street, 24th Floor
13 San Francisco, CA 94105
   Telephone:   (415) 365-9800      Facsimile:   (415) 365-9801
14
15 Attorneys for Plaintiff
   MITSUI O.S.K. LINES, LTD.
16
17        IN THE UNITED STATES DISTRICT COURT
18        FOR THE NORTHERN DISTRICT OF CALIFORNIA
19
20 MITSUI O.S.K. LINES, LTD.
                                    )  Case Nos.:   11-02861 SC
21        Plaintiff,               )               10-05591 SC
          vs.                       )               [Consolidated]
22                                  )
23 SEAMASTER LOGISTICS, INC.; SUMMIT )  [PROPOSED] JUDGMENT
   LOGISTICS INTERNATIONAL, INC.;   )
24 KESCO CONTAINER LINE, INC.; KESCO )  Date:       November 13, 2015
   SHIPPING, INC., and DOES 1 through 20, )  Time:       10:00 a.m.
25                                  )  Courtroom:   1
26        Defendants.              )  Judge:       Hon. Samuel Conti
27 _____)
28 //

                        1

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

Case 3:11-cv-02861-SC   Document 351   Filed 10/22/15   Page 2 of 3

In accordance with its Order on Remand from the Ninth Circuit (Doc. No. 347, 10/05/15, in Case No. 11-cv-2861-SC), the Court enters judgment as follows. "MOL" refers to plaintiff Mitsui O.S.K. Lines, Ltd.

1.      On MOL's claims for intentional and negligent misrepresentation, the Court enters judgment in favor of MOL and against defendant SeaMaster Logistics, Inc. in the amount of $1,151,205.

2.      On MOL's claims for intentional and negligent misrepresentation, the Court enters judgment in favor of MOL and against defendant Toll Global Forwarding (Americas) Inc. (formerly known as Summit Logistics International, Inc.) in the amount of $2,122,374.

3.      The Court dismisses with prejudice MOL's claims against defendants SeaMaster Logistics, Inc. and Toll Global Forwarding (Americas) Inc. (formerly known as Summit Logistics International, Inc.) under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1962 et seq.

4.      In addition to the amount stated in paragraph 2, on MOL's claims for intentional and negligent misrepresentation and conspiracy, the Court enters judgment in favor of MOL and against defendant Toll Global Forwarding (Americas) Inc. (formerly known as Summit Logistics International, Inc.) jointly and severally with defendant Kesco Container Line, Inc., in the amount of $242,649.

5.      The Court's following judgments stated in its Order Granting Summit Logistics International Inc.'s Motion to Alter or Amend the Judgment (Doc. No. 309, 07/18/13, in Case No. 11-cv-2861-SC) remain undisturbed: (a) judgment in favor of MOL against defendant Kesco Container Line, Inc.; and (b) judgment in favor of Kesco Shipping, Inc. against MOL.

//

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

2

6.      The Court's judgment in Case No. 10-cv-05991-SC remains undisturbed.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: October 21, 2015                                    

                                                                         Samuel Conti
                                                                         United States District Judge

3

[Proposed] Judgment

EXHIBIT B

BOND NO. 8941507

12903

### FEDERAL MARITIME COMMISSION
### NON-VESSEL OPERATING COMMON CARRIER (NVOCC) BOND
### (SECTION 23, SHIPPING ACT OF 1984)

_____ Kesco Container Line, Inc. _____, as Principal (hereinafter called Principal), and **WASHINGTON INTERNATIONAL INSURANCE COMPANY**, an Arizona Corporation, as Surety (hereinafter called Surety) are held and firmly bound unto the United States of America in the sum of US$50,000.00 for the payment of which sum we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally.

WHEREAS, Principal operates as an NVOCC in the waterborne foreign commerce of the United States, has NVOCC tariff on file with the Federal Maritime Commission, and pursuant to section 23 of the Shipping Act of 1984 has elected to file this bond with the Commission;

NOW, THEREFORE, the condition of this obligation is that the penalty amount of this bond shall be available to pay any judgment for damages against the Principal arising from the Principal's transportation related activities or order for reparations issued pursuant to section 11 of the Shipping Act of 1984, 46 U.S.C. app. §1710, or any penalty assessed against the Principal pursuant to section 13 of the Shipping Act of 1984, 46 U.S.C. app. §1712.

This bond shall inure to the benefit of any and all persons who have obtained a judgment for damages against the Principal arising from its transportation related activities or order of reparation issued pursuant to section 11 of the Shipping Act of 1984, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal pursuant to section 13 of the Shipping Act of 1984. However, this bond shall not apply to shipments of used household goods and personal effects for the account of the Department of Defense or the account of federal civilian executive agencies shipping under the International Household Goods Program administered by the General Services Administration.

The liability of the Surety shall not be discharged by any payment of succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

This bond is effective the __1st__ day of __October__, 19__97__, and shall continue in effect until discharged or terminated as herein provided. The Principal or the Surety may at any time terminate this bond by written notice to the Federal Maritime Commission at its office in Washington, D.C. Such termination shall become effective thirty (30) days after receipt of said notice by the Commission. The Surety shall not be liable for any transportation related activities of the Principal after the expiration of the thirty (30) day period but such termination shall not affect the liability of the Principal and Surety for any event occurring prior to the date when said termination becomes effective.

Form FMC-48
(Rev. 8/95)



B

The underwriting Surety will promptly notify the Director, Bureau of Domestic Regulation, Federal Maritime Commission, Washington, D.C. 20573, of any claim(s) against this bond.

Signed and sealed this____1st__ day of __October_____, 19_97__.

**(Please type name of signer under each signature.)**

X_____        _____
INDIVIDUAL PRINCIPAL OR PARTNER          BUSINESS ADDRESS

X_____        _____
INDIVIDUAL PRINCIPAL OR PARTNER          BUSINESS ADDRESS

X_____        _____
INDIVIDUAL PRINCIPAL OR PARTNER          BUSINESS ADDRESS

_____
TRADE NAME, IF ANY

 Kesco Container Line. Inc.
CORPORATE PRINCIPAL

 NEW YORK STATE
STATE OF INCORPORATION

_____
TRADE NAME, IF ANY

155-50 145th Avenue
Jamaica. NY 11434                        (Affix Corporate Seal)
BUSINESS ADDRESS

BY:  EDMOND FONG

 PRESIDENT
TITLE

WASHINGTON INTERNATIONAL INSURANCE COMPANY
CORPORATE SURETY

300 Park Boulevard Suite 500. Itasca, IL 60143
BUSINESS ADDRESS                         (Affix Corporate Seal)

By: Mia S. Lum #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

ATTORNEY-IN-FACT
TITLE



## WASHINGTON INTERNATIONAL INSURANCE COMPANY
### POWER OF ATTORNEY

KNOW ALL BY THESE PRESENTS: That the Washington International Insurance Company, a corporation organized and existing under the laws of the State of Arizona, and having its principal office in the Village of Itasca, Illinois does hereby constitute and appoint

**TIFFANI A. BRINKERHOFF, JOHN F. WALSH, RONALD GEE AND MIA S. LUM**
**EACH IN THEIR SEPARATE CAPACITY**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required, or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said Washington International Insurance Company as fully and amply, to all intents and purposes, as if the same has been duly executed and acknowledged by its President and its principal office.

**This Power of Attorney shall be limited in amount to $100,000.00 for any single obligation.**

This Power of Attorney is issued pursuant to authority granted by the resolutions of the Board of Directors adopted March 22, 1978, July 3, 1980 and October 21, 1986 which read, in part, as follows:

1. The Chairman of the Board, President, Vice President, Assistant Secretary, Treasurer and Secretary may designate Attorneys-in-Fact, and authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds, and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and to appoint Special Attorneys-in-Fact, who are hereby authorized to certify copies of any power-of-attorney issued in pursuant to this section and/or any of the By-Laws of the Company, and to remove, at any time, any such Attorney-in-Fact or Special Attorney-in-Fact and revoke the authority given him.

2. The signatures of the Chairman of the Board, the President, Vice President, Assistant Secretary, Treasurer and Secretary, and the corporate seal of the Company, may be affixed to any Power of Attorney, certificate, bond or undertaking relating thereto, by facsimile. Any such Power of Attorney, certificate bond or undertaking bearing such facsimile signature or facsimile seal affixed in the ordinary course of business shall be valid and binding upon the Company.

IN TESTIMONY WHEREOF, the Washington International Insurance Company has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 13th day of June, 1997.

WASHINGTON INTERNATIONAL INSURANCE COMPANY

Steven P. Anderson, Vice-President

**STATE OF ILLINOIS)**
**COUNTY OF COOK)**

On this 13th day of June, 1997, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the Washington International Insurance Company; that the seal affixed to said instrument is the Corporate Seal of said Company;

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, the day and year first above written.

"OFFICIAL SEAL"
MICHELLE HOWERTON
Notary Public, State of Illinois
My Commission Expires 09/07/99

Michelle Howerton, Notary Public
My Commission Expires September 7, 1999

**CERTIFICATE**

**STATE OF ILLINOIS)**
**COUNTY OF COOK)**

I, the undersigned, Vice President of WASHINGTON INTERNATIONAL INSURANCE COMPANY, an ARIZONA Corporation, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force and has not been revoked, and furthermore that Article III, Section 5 of the By-Laws of the Corporation, and the Resolution of the Board of Directors, set forth in the Power of Attorney, are now in force.

Signed and sealed in the County of Cook. Dated the 11th day of _September_, 1997.

James A. Carpenter, Vice-President

EXHIBIT C



**BOND RIDER**

*12903*

Attached to and forming part of Bond # **8941507**      issued to **Kesco Container Line, Inc**

This rider executed   **April 16, 1999**                      shall be effective May 1, 1999, 12:01 A.M

1. The original effective and execution dates of the bond, and any effective and execution dates of any rider(s) heretofore provided shall not be changed by this rider.
2. The Form Number shall now read: Form FMC-48.
3. The title of the bond shall now read:

FEDERAL MARITIME COMMISSION
Ocean Transportation Intermediary (OTI) Bond
(Section 19, Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1988)

4. The first five paragraphs of the bond shall now read:

   **Kesco Container Line, Inc** , a   **NVOCC**   as Principal

   (hereinafter "Principal"), and Washington International Insurance Company, as Surety (hereinafter "Surety") are held and firmly bound unto the United States of America in the

   sum of $ **75,000**     for the payment of which sum we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally.

   Whereas, Principal operates as an OTI in the waterborne foreign commerce of the United States in accordance with the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1998 ("1984 Act"), 46 U.S.C. app 1702, and, if necessary, has a valid tariff published pursuant to 46 CFR part 515 and 520, and pursuant to section 19 of the 1984 Act, files this bond with the Commission;

   Now, Therefore, the condition of this obligation is that the penalty amount of this bond shall be available to pay any judgment or any settlement made pursuant to a claim under 46 CFR § 515.23(b) for damages against the Principal arising from the Principal's transportation-related activities or order for reparations issued pursuant to section 11 of the 1984 Act, 46 U.S.C. app. 1710, or any penalty assessed against the Principal pursuant to section 13 of the 1984 Act, 46 U.S.C. app. 1712.

   This bond shall inure to the benefit of any and all persons who have obtained a judgment or settlement made pursuant to a claim under 46 CFR § 515.23(b) for damages against the Principal arising from its transportation-related activities or order of reparation issued pursuant to section 11 of the 1984 Act, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal pursuant to section 13 of the 1984 Act. However, the bond shall not apply to shipments of used household goods and personal effects for the account of the Department of Defense or the account of federal civilian executive agencies shipping under the International Household Goods Program administered by the General Services Administration.

   The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

5. The first three sentences of the sixth paragraph shall remain unchanged. The last sentence of the sixth paragraph shall read:

   The Surety shall not be liable for any transportation-related activities of the Principal after the expiration of the 30-day period but such termination shall not affect the liability of the Principal and Surety for any event occurring prior to the date when said termination becomes effective.

6. The seventh paragraph of the bond shall be replaced by the following two paragraphs:

   The Surety consents to be sued directly in respect of any bona fide claim owed by Principal for damages, reparations or penalties arising from the transportation-related activities under the 1984 Act of Principal in the event that such legal liability has not been discharged by the Principal or Surety after a claimant has obtained a final judgment (after appeal, if any) against the Principal from a United States Federal or State Court of competent jurisdiction and has complied with the procedures for collecting on such a judgment pursuant to 46 CFR § 515.23(b), the Federal Maritime Commission, or where all parties and claimants otherwise mutually consent, from a foreign court, or where such claimant has become entitled to payment of a specified sum by virtue of a compromise settlement agreement made with the Principal and/or Surety pursuant to 46 CFR § 515.23(b), whereby, upon payment of the agreed sum, the Surety is to be fully, irrevocably and unconditionally discharged from all further liability to such claimant; provided, however, that Surety's total obligation hereunder shall not exceed the amount set forth in 46 CFR § 515.21, as applicable.

   The underwriting Surety will promptly notify the Director, Bureau of Tariffs, Certification and Licensing, Federal Maritime Commission, Washington, DC 20573, of any claim(s) against this bond.

7. These changes herein shall inure to the benefit of those claimants whose claims arise on or after the effective date of this rider.
8. Other than as above stated, nothing herein contained shall be held to vary, alter, waive, or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned bond.

PRINCIPAL:   **Kesco Container Line, Inc**              SURETY: **Washington International Insurance Company**

_____                    _____
*Signature*                                  *Signature*

                                             Mia S. Lum, Attorney in Fact
_____                    _____
*Name and Title:*                            *Name and Title*

*Affix Corporate Seal:*                      *Affix Corporate Seal:*



 

# WASHINGTON INTERNATIONAL INSURANCE COMPANY
## POWER OF ATTORNEY

KNOW ALL BY THESE PRESENTS:  That the Washington International Insurance Company, a corporation organized and existing under the laws of the State of Arizona, and having its principal office in the Village of Itasca, Illinois does hereby constitute and appoint

### TIFFANI A. BRINKERHOFF, JOHN F. WALSH AND MIA S. LUM
### EACH IN THEIR SEPARATE CAPACITY

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required, or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said Washington International Insurance Company as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its President and/ or its principal officers.

**This Power of Attorney shall be limited in amount to $300,000.00 for any single obligation.**

This Power of Attorney is issued pursuant to authority granted by the resolutions of the Board of Directors adopted March 22, 1978, July 3, 1980 and October 21, 1986 which read, in part, as follows:

1.  The Chairman of the Board, President, Vice President, Assistant Secretary, Treasurer and Secretary may designate Attorneys-in-Fact, and authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds, and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and to appoint Special Attorneys-in-Fact, who are hereby authorized to certify copies of any power-of-attorney issued in pursuant to this section and/or any of the By-Laws of the Company, and to remove, at any time, any such Attorney-in-Fact or Special Attorney-in-Fact and revoke the authority given him.

2.  The signatures of the Chairman of the Board, the President, Vice President, Assistant Secretary, Treasurer and Secretary, and the corporate seal of the Company, may be affixed to any Power of Attorney, certificate, bond or undertaking relating thereto, by facsimile.  Any such Power of Attorney, certificate, bond or undertaking bearing such facsimile signature or facsimile seal affixed in the ordinary course of business shall be valid and binding upon the Company.

IN TESTIMONY WHEREOF, the Washington International Insurance Company has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 6th day of April, 1999.

WASHINGTON INTERNATIONAL INSURANCE COMPANY

Michael M. Davenport, Senior Vice-President

STATE OF ILLINOIS)
COUNTY OF COOK)

On this 6th day of April, 1999, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the Washington International Insurance Company; that the seal affixed to said instrument is the Corporate Seal of said Company;

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, the day and year first above written.

OFFICIAL SEAL
YASMIN A PATEL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/18/02

Yasmin A. Patel, Notary Public
My Commission Expires August 18, 2002

CERTIFICATE

STATE OF ILLINOIS)
COUNTY OF COOK)

I, the undersigned, Vice President of  WASHINGTON INTERNATIONAL INSURANCE COMPANY, an ARIZONA Corporation, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force and has not been revoked, and furthermore that Article III, Section 5 of the By-Laws of the Corporation, and the Resolution of the Board of Directors, set forth in the Power of Attorney, are now in force.

Signed and sealed in the County of Cook.  Dated the _____ day of _____, 19 _____.

James A. Carpenter, Vice-President

EXHIBIT D

12903

**American Alternative Insurance Corporation**
**A Delaware Corporation**

## OTI Assumption Endorsement or Rider

| ATTACHED TO AND FORMING PART OF THE BOND NO. | DATE ENDORSEMENT OR RIDER EXECUTED | EFFECTIVE TIME OF ENDORSEMENT OR RIDER | EFFECTIVE DATE OF ENDORSEMENT OR RIDER |
|---|---|---|---|
| 8941507 | 09/01/2011 | 12:01 am | 10/01/2011 |

| ISSUED TO | I.D. NUMBER |
|---|---|
| FEDERAL MARITIME COMMISSION | 894150700 |

ON BEHALF OF

FMC ORG NO:          **012903**
PRINCIPAL NAME:   **KESCO CONTAINER LINE, INC.**

PRINCIPAL DBA:
PRINCIPAL ADDRESS: **154-09 146TH AVENUE**
                             **2ND FLOOR**
                             **JAMAICA,NY 11434  UNITED STATES**
PRINCIPAL PHONE:      **(718) 656-4800**
PRINCIPAL FAX:          **(718) 656-2299**

The following changes have been made to the bond:

The surety on this bond is changed to read:

**American Alternative Insurance Corporation**
**A Delaware Corporation**
**555 College Road East**
**P.O. Box 5241**
**Princeton, NJ 08543**

**American Alternative Insurance Corporation**
New Surety Name

assumes all obligations of the above referenced

**WASHINGTON INTERNATIONAL INSURANCE COMPANY**
Former Surety Name

bond as of the above referenced effective date of this rider. All other terms and conditions of the bond and any previously issued riders to said bond, including the bond amount, remain unchanged.

Nothing herein contained shall be held to vary, alter, waive, or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Bond, other than as above stated.

American Alternative Insurance Corporation

*Matthew L. Zehner*



By:          MATTHEW L. ZEHNER



FBrev0311

EXHIBIT E

JOHN A. FLYNN (1945-1997)
SAM D. DELICH (1940-2004)
ERICH P. WISE
NICHOLAS S. POLITIS †
LISA M. CONNER †
ALISA MANASANTIVONGS †
MELODY C. CHANG †
ZACHARY J. POLITIS
AUSTIN MARDIAN
PETER F. BLACK††
JAMES B. NEBEL
JOHN H. FERGUSON † *
†Admitted in California and Washington
†† Admitted in Louisiana and New York only
*Admitted in Texas
All others admitted in California

## FLYNN, DELICH & WISE LLP
### ATTORNEYS AT LAW
ONE WORLD TRADE CENTER
SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
TELEPHONE: (562) 435-2626
FACSIMILE: (562) 437-7555

505 Montgomery Street, 11th Floor
San Francisco, CA 94111
Telephone: (415) 693-5566
Facsimile: (415) 693-0410

1420 5th Avenue, Suite 3358
Seattle, WA 98101
Telephone: (206) 258-6311
Facsimile: (562) 437-7555

Reply to: Long Beach
Writer's direct e-mail:
melodyc@fdw-law.com
Direct Dial: (562) 733-2387

November 8, 2017

**_Via U.S. Mail and Facsimile: 847 969 8200_**

Ms. Samantha Myers
Roanoke Trade Services, Inc.
1475 E. Woodfield Road, Suite 500
Schaumburg, IL 60173-4903

      Re:    **MOL v. Various NVOCC Shippers**
                  USDC Case No. 3:11-cv-02861-SC
                  Our File:  MOL 113L

Dear Ms. Myers:

     We represent Mitsui O.S.K. Lines, Ltd. in the _Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc., et al._ litigation, U.S. District Court Case No. 3:11-cv-02861-SC.  Please find enclosed the July 18, 2013 and October 21, 2015 Judgments of District Court Judge Samuel Conti against various NVOCC shippers, to include Kesco Container Line, Inc.  Pursuant to the enclosed Judgements and 46 CFR 515.23, we request payment to Mitsui O.S.K. Lines, Ltd. of $75,000.00, the full amount of Kesco Container Line, Inc.'s enclosed bond nos. 8941507 and 894150700 no later than December 7, 2017.  Please do not hesitate to contact us should you have any questions concerning the foregoing.

                      Very truly yours,

                      FLYNN, DELICH & WISE LLP

                      Melody C. Chang
                      Erich P. Wise

MCC/al
Enclosures

E

  

12903

**American Alternative Insurance Corporation**
**A Delaware Corporation**
## OTI Assumption Endorsement or Rider

| ATTACHED TO AND FORMING PART OF THE BOND NO. | DATE ENDORSEMENT OR RIDER EXECUTED | EFFECTIVE TIME OF ENDORSEMENT OR RIDER | EFFECTIVE DATE OF ENDORSEMENT OR RIDER |
|---|---|---|---|
| 8941507 | 09/01/2011 | 12:01 am | 10/01/2011 |

| ISSUED TO | I.D. NUMBER |
|---|---|
| FEDERAL MARITIME COMMISSION | 894150700 |

ON BEHALF OF

| | |
|---|---|
| FMC ORG NO: | 012903 |
| PRINCIPAL NAME: | KESCO CONTAINER LINE, INC. |
| | |
| PRINCIPAL DBA: | |
| PRINCIPAL ADDRESS: | 154-09 146TH AVENUE |
| | 2ND FLOOR |
| | JAMAICA,NY 11434  UNITED STATES |
| PRINCIPAL PHONE: | (718) 656-4800 |
| PRINCIPAL FAX: | (718) 656-2299 |

The following changes have been made to the bond:

The surety on this bond is changed to read:

**American Alternative Insurance Corporation**
**A Delaware Corporation**
**555 College Road East**
**P.O. Box 5241**
**Princeton, NJ 08543**

American Alternative Insurance Corporation
_____
New Surety Name

assumes all obligations of the above referenced
**WASHINGTON INTERNATIONAL INSURANCE COMPANY**
_____
Former Surety Name

bond as of the above referenced effective date of this rider. All other terms and conditions of the bond and any previously issued riders to said bond, including the bond amount, remain unchanged.

Nothing herein contained shall be held to vary, alter, waive, or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Bond, other than as above stated.

American Alternative Insurance Corporation





By:        MATTHEW L. ZEHNER

FBrev0311



**BOND RIDER**

12903

Attached to and forming part of Bond # **8941507**     issued to **Kesco Container Line, Inc**

This rider executed _April 16, 1999_____ shall be effective May 1, 1999, 12:01 A.M

1. The original effective and execution dates of the bond, and any effective and execution dates of any rider(s) heretofore provided shall not be changed by this rider.
2. The Form Number shall now read: Form FMC-48.
3. The title of the bond shall now read:

FEDERAL MARITIME COMMISSION
Ocean Transportation Intermediary (OTI) Bond
(Section 19, Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1988)

4. The first five paragraphs of the bond shall now read:

    **Kesco Container Line, Inc** , a **NVOCC** as Principal
(hereinafter "Principal"), and Washington International Insurance Company, as Surety (hereinafter "Surety") are held and firmly bound unto the United States of America in the

sum of $ 75,000____ for the payment of which sum we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally.
    Whereas, Principal operates as an OTI in the waterborne foreign commerce of the United States in accordance with the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1998 ("1984 Act"), 46 U.S.C. app 1702, and, if necessary, has a valid tariff published pursuant to 46 CFR part 515 and 520, and pursuant to section 19 of the 1984 Act, files this bond with the Commission;
    Now, Therefore, the condition of this obligation is that the penalty amount of this bond shall be available to pay any judgment or any settlement made pursuant to a claim under 46 CFR § 515.23(b) for damages against the Principal arising from the Principal's transportation-related activities or order for reparations issued pursuant to section 11 of the 1984 Act, 46 U.S.C. app. 1710, or any penalty assessed against the Principal pursuant to section 13 of the 1984 Act, 46 U.S.C. app. 1712.
    This bond shall inure to the benefit of any and all persons who have obtained a judgment or settlement made pursuant to a claim under 46 CFR § 515.23(b) for damages against the Principal arising from its transportation-related activities or order of reparation issued pursuant to section 11 of the 1984 Act, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal pursuant to section 13 of the 1984 Act. However, the bond shall not apply to shipments of used household goods and personal effects for the account of the Department of Defense or the account of federal civilian executive agencies shipping under the International Household Goods Program administered by the General Services Administration.
    The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

5. The first three sentences of the sixth paragraph shall remain unchanged. The last sentence of the sixth paragraph shall read:
    The Surety shall not be liable for any transportation-related activities of the Principal after the expiration of the 30-day period but such termination shall not affect the liability of the Principal and Surety for any event occurring prior to the date when said termination becomes effective.

6. The seventh paragraph of the bond shall be replaced by the following two paragraphs:
    The Surety consents to be sued directly in respect of any bona fide claim owed by Principal for damages, reparations or penalties arising from the transportation-related activities under the 1984 Act of Principal in the event that such legal liability has not been discharged by the Principal or Surety after a claimant has obtained a final judgment (after appeal, if any) against the Principal from a United States Federal or State Court of competent jurisdiction and has complied with the procedures for collecting on such a judgment pursuant to 46 CFR § 515.23(b), the Federal Maritime Commission, or where all parties and claimants otherwise mutually consent, from a foreign court, or where such claimant has become entitled to payment of a specified sum by virtue of a compromise settlement agreement made with the Principal and/or Surety pursuant to 46 CFR § 515.23(b), whereby, upon payment of the agreed sum, the Surety is to be fully, irrevocably and unconditionally discharged from all further liability to such claimant; provided, however, that Surety's total obligation hereunder shall not exceed the amount set forth in 46 CFR § 515.21, as applicable.
    The underwriting Surety will promptly notify the Director, Bureau of Tariffs, Certification and Licensing, Federal Maritime Commission, Washington, DC 20573, of any claim(s) against this bond.

7. These changes herein shall inure to the benefit of those claimants whose claims arise on or after the effective date of this rider.
8. Other than as above stated, nothing herein contained shall be held to vary, alter, waive, or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned bond.

PRINCIPAL:  **Kesco Container Line, Inc**         SURETY:  **Washington International Insurance Company**

_Signature_ _____     _Signature_ _____

_____     Mia S. Dunn, Attorney in Fact

_Name and Title:_ _____     _Name and Title_

_Affix Corporate Seal:_                             _Affix Corporate Seal:_



 

# WASHINGTON INTERNATIONAL INSURANCE COMPANY
## POWER OF ATTORNEY

KNOW ALL BY THESE PRESENTS: That the Washington International Insurance Company, a corporation organized and existing under the laws of the State of Arizona, and having its principal office in the Village of Itasca, Illinois does hereby constitute and appoint

**TIFFANI A. BRINKERHOFF, JOHN F. WALSH AND MIA S. LUM**
**EACH IN THEIR SEPARATE CAPACITY**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required, or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said Washington International Insurance Company as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its President and/ or its principal officers.

**This Power of Attorney shall be limited in amount to $300,000.00 for any single obligation.**

This Power of Attorney is issued pursuant to authority granted by the resolutions of the Board of Directors adopted March 22, 1978, July 3, 1980 and October 21, 1986 which read, in part, as follows:

1.  The Chairman of the Board, President, Vice President, Assistant Secretary, Treasurer and Secretary may designate Attorneys-in-Fact, and authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds, and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and to appoint Special Attorneys-in-Fact, who are hereby authorized to certify copies of any power-of-attorney issued in pursuant to this section and/or any of the By-Laws of the Company, and to remove, at any time, any such Attorney-in-Fact or Special Attorney-in-Fact and revoke the authority given him.

2.  The signatures of the Chairman of the Board, the President, Vice President, Assistant Secretary, Treasurer and Secretary, and the corporate seal of the Company, may be affixed to any Power of Attorney, certificate, bond or undertaking relating thereto, by facsimile.  Any such Power of Attorney, certificate bond or undertaking bearing such facsimile signature or facsimile seal affixed in the ordinary course of business shall be valid and binding upon the Company.

IN TESTIMONY WHEREOF, the Washington International Insurance Company has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 6th day of April, 1999.

WASHINGTON INTERNATIONAL INSURANCE COMPANY

Michael M. Davenport, Senior Vice-President

STATE OF ILLINOIS)
COUNTY OF COOK)

On this 6th day of April, 1999, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the Washington International Insurance Company; that the seal affixed to said instrument is the Corporate Seal of said Company;

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, the day and year first above written.

OFFICIAL SEAL
YASMIN A PATEL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/18/02

Yasmin A. Patel, Notary Public
My Commission Expires August 18, 2002

**CERTIFICATE**

STATE OF ILLINOIS)
COUNTY OF COOK)

I, the undersigned, Vice President of WASHINGTON INTERNATIONAL INSURANCE COMPANY, an ARIZONA Corporation, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force and has not been revoked, and furthermore that Article III, Section 5 of the By-Laws of the Corporation, and the Resolution of the Board of Directors, set forth in the Power of Attorney, are now in force.

Signed and sealed in the County of Cook.  Dated the _____ day of _____, 19 _____.

James A. Carpenter, Vice-President

**BOND NO. 8941507**

12903

## FEDERAL MARITIME COMMISSION
## NON-VESSEL OPERATING COMMON CARRIER (NVOCC) BOND
### (SECTION 23, SHIPPING ACT OF 1984)

_____ **Kesco Container Line, Inc.** _____, as Principal (hereinafter called Principal), and **WASHINGTON INTERNATIONAL INSURANCE COMPANY**, an Arizona Corporation, as Surety (hereinafter called Surety) are held and firmly bound unto the United States of America in the sum of **US$50,000.00** for the payment of which sum we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally.

WHEREAS, Principal operates as an NVOCC in the waterborne foreign commerce of the United States, has NVOCC tariff on file with the Federal Maritime Commission, and pursuant to section 23 of the Shipping Act of 1984 has elected to file this bond with the Commission;

NOW, THEREFORE, the condition of this obligation is that the penalty amount of this bond shall be available to pay any judgment for damages against the Principal arising from the Principal's transportation related activities or order for reparations issued pursuant to section 11 of the Shipping Act of 1984, 46 U.S.C. app. §1710, or any penalty assessed against the Principal pursuant to section 13 of the Shipping Act of 1984, 46 U.S.C. app. §1712.

This bond shall inure to the benefit of any and all persons who have obtained a judgment for damages against the Principal arising from its transportation related activities or order of reparation issued pursuant to section 11 of the Shipping Act of 1984, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal pursuant to section 13 of the Shipping Act of 1984. However, this bond shall not apply to shipments of used household goods and personal effects for the account of the Department of Defense or the account of federal civilian executive agencies shipping under the International Household Goods Program administered by the General Services Administration.

The liability of the Surety shall not be discharged by any payment of succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

This bond is effective the __1st__ day of __October__, 19__97__, and shall continue in effect until discharged or terminated as herein provided. The Principal or the Surety may at any time terminate this bond by written notice to the Federal Maritime Commission at its office in Washington, D.C. Such termination shall become effective thirty (30) days after receipt of said notice by the Commission. The Surety shall not be liable for any transportation related activities of the Principal after the expiration of the thirty (30) day period but such termination shall not affect the liability of the Principal and Surety for any event occurring prior to the date when said termination becomes effective.

Form FMC-48
 (Rev. 8/95)

The underwriting Surety will promptly notify the Director, Bureau of Domestic Regulation, Federal Maritime Commission, Washington, D.C. 20573, of any claim(s) against this bond.

Signed and sealed this ___1st___ day of ___October___, 19_97_.

**(Please type name of signer under each signature.)**

X _____          _____
INDIVIDUAL PRINCIPAL OR PARTNER          BUSINESS ADDRESS

X _____          _____
INDIVIDUAL PRINCIPAL OR PARTNER          BUSINESS ADDRESS

X _____          _____
INDIVIDUAL PRINCIPAL OR PARTNER          BUSINESS ADDRESS

_____
TRADE NAME, IF ANY

 Kesco Container Line, Inc.
CORPORATE PRINCIPAL

NEW YORK STATE
STATE OF INCORPORATION

TRADE NAME, IF ANY
155-50 145th Avenue
Jamaica, NY 11434                     (Affix Corporate Seal)
BUSINESS ADDRESS

BY: EDMOND FONG

PRESIDENT
TITLE

WASHINGTON INTERNATIONAL INSURANCE COMPANY
CORPORATE SURETY

300 Park Boulevard Suite 500, Itasca, IL 60143
BUSINESS ADDRESS                     (Affix Corporate Seal)

By: Mia S. Lum #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

ATTORNEY-IN-FACT
TITLE



# WASHINGTON INTERNATIONAL INSURANCE COMPANY
## POWER OF ATTORNEY

KNOW ALL BY THESE PRESENTS: That the Washington International Insurance Company, a corporation organized and existing under the laws of the State of Arizona, and having its principal office in the Village of Itasca, Illinois does hereby constitute and appoint

**TIFFANI A. BRINKERHOFF, JOHN F. WALSH, RONALD GEE AND MIA S. LUM**
**EACH IN THEIR SEPARATE CAPACITY**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required, or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said Washington International Insurance Company as fully and amply, to all intents and purposes, as if the same has been duly executed and acknowledged by its President and its principal office.

**This Power of Attorney shall be limited in amount to $100,000.00 for any single obligation.**

This Power of Attorney is issued pursuant to authority granted by the resolutions of the Board of Directors adopted March 22, 1978, July 3, 1980 and October 21, 1986 which read, in part, as follows:

1. The Chairman of the Board, President, Vice President, Assistant Secretary, Treasurer and Secretary may designate Attorneys-in-Fact, and authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and, undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and to appoint Special Attorneys-in-Fact, who are hereby authorized to certify copies of any power-of-attorney issued in pursuant to this section and/or any of the By-Laws of the Company, and to remove, at any time, any such Attorney-in-Fact or Special Attorney-in-Fact and revoke the authority given him.

2. The signatures of the Chairman of the Board, the President, Vice President, Assistant Secretary, Treasurer and Secretary, and the corporate seal of the Company, may be affixed to any Power of Attorney, certificate, bond or undertaking relating thereto, by facsimile. Any such Power of Attorney, certificate bond or undertaking bearing such facsimile signature or facsimile seal affixed in the ordinary course of business shall be valid and binding upon the Company.

IN TESTIMONY WHEREOF, the Washington International Insurance Company has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 13th day of June, 1997.

WASHINGTON INTERNATIONAL INSURANCE COMPANY

Steven P. Anderson, Vice-President

STATE OF ILLINOIS)
COUNTY OF COOK)

On this 13th day of June, 1997, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the Washington International Insurance Company; that the seal affixed to said instrument is the Corporate Seal of said Company;

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, the day and year first above written.

"OFFICIAL SEAL"
MICHELLE HOWERTON
Notary Public, State of Illinois
My Commission Expires 09/07/99

Michelle Howerton, Notary Public
My Commission Expires September 7, 1999

CERTIFICATE

STATE OF ILLINOIS)
COUNTY OF COOK)

I, the undersigned, Vice President of WASHINGTON INTERNATIONAL INSURANCE COMPANY, an ARIZONA Corporation, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force and has not been revoked, and furthermore that Article III, Section 5 of the By-Laws of the Corporation, and the Resolution of the Board of Directors, set forth in the Power of Attorney, are now in force.

Signed and sealed in the County of Cook. Dated the 11th day of September, 1997.

James A. Carpenter, Vice-President

United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   MITSUI O.S.K. LINES, LTD.,          )   Case No. 11-cv-02861-SC
                                        )
10              Plaintiff,              )   AMENDED JUDGMENT
                                        )
11       v.                             )
                                        )
12                                      )
    SEAMASTER LOGISTICS, INC., SUMMIT   )
13  LOGISTICS INTERNATIONAL, INC.,      )
    KESCO CONTRAINER LINE, INC.; KESCO  )
14  SHIPPING, INC., and DOES 1 through  )
    20,                                 )
15                                      )
                                        )
16              Defendants.             )
                                        )
17  _____)

18

19       On March 21, 2013, the Court issued its Findings of Fact and

20  Conclusions of Law in the above-captioned matters and entered

21  Judgment.  Case No. 10-cv-05591-SC ECF No. 194; Case No. 11-cv-

22  02861-SC ECF Nos. 261, 262 ("Judgment").  The Court subsequently

23  granted Defendant Summit Logistics International, Inc.'s motion to

24  alter or amend the judgment as to Case Number 11-cv-02861-SC.  In

25  accordance with that Order and the Court's Findings of Fact and

26  Conclusion of Law, the Court now enters an AMENDED JUDGMENT in Case

27  No. 11-cv-02861-SC as follows:

28       The Court enters JUDGMENT in favor of Plaintiff Mitsui O.S.K.

1   Lines and against Defendants SeaMaster Logistics, Inc., Summit

2   Logistics International, Inc., and Kesco Container Lines, Inc. on

3   Plaintiff Mitsui O.S.K. Lines' claims for intentional

4   misrepresentation, negligent misrepresentation, and conspiracy -

5   intentional misrepresentation in the amount of $9,088,735.41.

6   Defendant SeaMaster Logistics, Inc. shall be liable to Plaintiff

7   Mitsui O.S.K. Lines for $1,080,073.07.   Further, Defendant Kesco

8   Container Line, Inc. shall be liable to Plaintiff Mitsui O.S.K.

9   Lines for $5,778,130.29, and Defendants Kesco Container Line, Inc.

10  and Summit Logistics International, Inc. shall be jointly and

11  severally liable to Plaintiff Mitsui O.S.K. Lines for an additional

12  $2,230,532.05.   The Court enters JUDGMENT in favor of SeaMaster

13  Logistics, Inc., Summit Logistics International, Inc., and Kesco

14  Container Lines, Inc., as to Plaintiff Mitsui O.S.K. Lines' claims

15  under the Racketeer Influenced and Corrupt Organizations Act.   The

16  Court enters JUDGMENT in favor of Defendant Kesco Shipping, Inc. as

17  to all claims asserted by Plaintiff Mitsui O.S.K. Lines.   Finally,

18  the Court enters JUDGMENT in favor of Plaintiff Mitsui O.S.K. Lines

19  as to all counterclaims asserted by Defendants.

20      The Court's judgment as to Case Number 10-cv-05591-SC remains

21  undisturbed.

22

23      IT IS SO ORDERED, ADJUDGED, AND DECREED.

24

25      Dated:  July 18, 2013

26                                          UNITED STATES DISTRICT JUDGE

27

28

United States District Court
For the Northern District of California

1  ERICH P. WISE/SBN 63219
   erichw@fdw-law.com
2  ALISA MANASANTIVONGS/SBN 260227
   alisam@fdw-law.com
3  FLYNN, DELICH & WISE LLP
   One World Trade Center, Suite 1800
4  Long Beach, CA 90831-1800
5  Telephone:   (562) 435-2626     Facsimile:     (562) 437-7555

6
7  JAMES B. NEBEL/SBN 69626
   jamesn@fdw-law.com
8  FLYNN, DELICH & WISE LLP
   505 Montgomery Street, 11th Floor
9  San Francisco, CA  94111
   Telephone:   (415) 693-5566     Facsimile:     (415) 693-0410
10
11  CONTE C. CICALA/SBN 173554
    Conte.Cicala@clydeco.us
12  CLYDE & CO. US LLP
    101 Second Street, 24th Floor
13  San Francisco, CA 94105
    Telephone:   (415) 365-9800     Facsimile:     (415) 365-9801
14
15  Attorneys for Plaintiff
    MITSUI O.S.K. LINES, LTD.
16
17              IN THE UNITED STATES DISTRICT COURT
18            FOR THE NORTHERN DISTRICT OF CALIFORNIA
19
20  MITSUI O.S.K. LINES, LTD.
21              Plaintiff,
22         vs.
23  SEAMASTER LOGISTICS, INC.; SUMMIT
    LOGISTICS INTERNATIONAL, INC.;
24  KESCO CONTAINER LINE, INC.; KESCO
    SHIPPING, INC., and DOES 1 through 20,
25
26              Defendants.
27
28  //

|  |  |
|--|--|
| Case Nos.: | 11-02861 SC |
|  | 10-05591 SC |
|  | [Consolidated] |
|  |  |
| [PROPOSED] JUDGMENT |  |
|  |  |
| Date: | November 13, 2015 |
| Time: | 10:00 a.m. |
| Courtroom: | 1 |
| Judge: | Hon. Samuel Conti |

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

1

[Proposed] Judgment

1    In accordance with its Order on Remand from the Ninth Circuit (Doc. No. 347, 10/05/15,

2   in Case No. 11-cv-2861-SC), the Court enters judgment as follows. "MOL" refers to plaintiff

3   Mitsui O.S.K. Lines, Ltd.

4        1.    On MOL's claims for intentional and negligent misrepresentation, the Court

5   enters judgment in favor of MOL and against defendant SeaMaster Logistics, Inc. in the amount

6   of $1,151,205.

7

8        2.    On MOL's claims for intentional and negligent misrepresentation, the Court

9   enters judgment in favor of MOL and against defendant Toll Global Forwarding (Americas) Inc.

10   (formerly known as Summit Logistics International, Inc.) in the amount of $2,122,374.

11       3.    The Court dismisses with prejudice MOL's claims against defendants SeaMaster

12   Logistics, Inc. and Toll Global Forwarding (Americas) Inc. (formerly known as Summit

13   Logistics International, Inc.) under the Racketeer Influenced and Corrupt Organizations Act, 18

14   U.S.C. Sections 1962 et seq.

15

16       4.    In addition to the amount stated in paragraph 2, on MOL's claims for intentional

17   and negligent misrepresentation and conspiracy, the Court enters judgment in favor of MOL and

18   against defendant Toll Global Forwarding (Americas) Inc. (formerly known as Summit Logistics

19   International, Inc.) jointly and severally with defendant Kesco Container Line, Inc., in the

20   amount of $242,649.

21

22       5.    The Court's following judgments stated in its Order Granting Summit Logistics

23   International Inc.'s Motion to Alter or Amend the Judgment (Doc. No. 309, 07/18/13, in Case

24   No. 11-cv-2861-SC) remain undisturbed: (a) judgment in favor of MOL against defendant Kesco

25   Container Line, Inc.; and (b) judgment in favor of Kesco Shipping, Inc. against MOL.

26

27   //

28

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

2

6.      The Court's judgment in Case No. 10-cv-05991-SC remains undisturbed.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: October 21, 2015

Samuel Conti
United States District Judge

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

3

[Proposed] Judgment